**Arten JAHO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–3006.

United States Court of Appeals, Sixth Circuit.

June 17, 2004.

Carl M. Weideman, Jr., Weideman & Weideman, Grosse Pointe Woods, MI, for Petitioner.

Allen W. Hausman, Michele Y.F. Sarko, Emily A. Radford, U.S. Department of Justice, Office of Litigation, Washington, DC, for Respondent.

Before: KRUPANSKY, RYAN, and COLE, Circuit Judges.

## ORDER

Arten Jaho, a native of Albania currently residing in Michigan, petitions through counsel for review of an order of the Board of Immigration Appeals affirming an immigration judge's decision denying his requests for asylum and withholding of removal. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Jaho was born in Albania in 1971. He entered this country in 1996 on a student visa, but never attended school, and was placed in removal proceedings. He conceded removability, but applied for the relief of asylum and withholding of removal. A hearing was held before an immigration judge (IJ), who denied Jaho's requests for relief. The Board of Immigration Appeals affirmed the IJ's decision.

Jaho argues in his brief before this court that he established a well-founded fear of future persecution based on his political opinion.

The court may grant a petition for review of a decision denying asylum only where the evidence is so compelling that no reasonable fact-finder could fail to find that the requisite fear of persecution was established. *Ivezaj v. INS*, 84 F.3d 215, 221 (6th Cir.1996). Upon careful consideration, we conclude that the evidence in this case does not meet this standard.

Jaho testified at his hearing that he attended a military academy, and was a lieutenant in the army in 1996, when he objected to his unit essentially being ordered to vote for the Democratic party in an election, and disobeyed an order to disperse protestors against the election results. Following these actions, he was demoted, followed by the secret police, and threatened. He deserted the army and left the country. Jaho conceded that he had not established past persecution, but argued that he feared future persecution if he returned. The IJ noted that the Democratic party was no longer in power following the Socialists' victory in the 1997 election, and therefore, Jaho need not fear reprisal for his political opinions against the Democrats.

Jaho argues that the State Department country reports indicate that some "settling of accounts" is still a problem in Albania, but that reference is to the ruling Socialist party, not the former Democratic party which Jaho alleges poses a threat to him. Jaho also argues that his brother, who was in the same situation, has been granted asylum. However, the record shows that Jaho's brother was politically active, and was shot. Jaho's situation is not comparable.

Finally, Jaho has not addressed the denial of withholding of removal in his brief, and his failure to establish eligibility for asylum necessarily constitutes a failure to satisfy the more stringent standard for withholding of removal. *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

For all of the above reasons, the petition for review is denied.